UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDREW BURNETT, ) | Case No.: 10-CV-01903-LHK |
| ) | |
| Plaintiff, ) | ORDER GRANTING DEFENDANTS' |
| v. ) | MOTIONS TO DISMISS WITH LEAVE |
| ) | TO AMEND |
| CITY OF SANTA CLARA, STEPHEN D. ) | |
| LODGE (CHIEF OF SANTA CLARA POLICE ) | (re: docket #43 and #51) |
| DEPARTMENT), JULIE FREITAS, T. CLARK,) | |
| PAUL KOFMAN, EDWARD PETERSON, ) | |
| TROY BENSON, PHILAMON ZARAGOZA, ) | |
| DOES 1-5, ET AL., ) | |
| ) | |
| Defendants. ) | |

Defendants City of Santa Clara, Chief of Police Stephen D. Lodge, Officer Julie Freitas, Officer Paul Kofman, and Officer Philamon Zaragoza (collectively "City Defendants") and Defendants Troy Benson and Edward Peterson (collectively "County Defendants") have each moved to dismiss the complaint on the grounds that: 1) Plaintiff has failed to state a valid federal claim; 2) the Court does not have subject matter jurisdiction over Plaintiff's claims; 3) the statute of limitations bars Plaintiff's claims; and 4) immunity prevents Plaintiff's claims. Plaintiff Andrew Burnett, appearing *pro se*, did not oppose the motions to dismiss. Good cause appearing, Defendants' motions to dismiss are GRANTED WITH LEAVE TO AMEND.

Although difficult to decipher from the vague allegations in the complaint, Plaintiff's claims apparently arise from the alleged "unlawful seizure" and eventual court-ordered destruction

1

Case No.: 10-CV-01903-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND

of Plaintiff's high value Olympic Arms rifle. *See* Compl. at 2-3 (detailing the various parts of the rifle and alleging that Defendants conspired "to deny Burnett's rights to property."). Plaintiff alleges that, while he was under investigation for a criminal offense, Plaintiff's uncle gave the Santa Clara Police Department Plaintiff's Olympic Arms rifle and Plaintiff's Mossberg shotgun. *Id*. at 3. Plaintiff admits he was convicted of a felony in June 2001, and then describes his unsuccessful efforts to have the Olympic Arms rifle returned or transferred. Ultimately, "the court ordered its destruction instead." *Id*. Plaintiff appealed this decision to the California Court of Appeals, Sixth District, but this appeal was denied. *Id*. In the pending complaint, Plaintiff alleges that the state-court ordered destruction of his Olympic Arms rifle is an "unconstitutional violation of Burnett's rights under the Second, Fourth, and Fourteenth Amendments to the United States Constitution. The Second Amendment guarantees Burnett the right of the people to keep and bear Arms and shall not be infringed." *Id*. at 4.

City Defendants have requested judicial notice of documents connected to Plaintiff's efforts in state court to have the Olympic Arms rifle returned or transferred. Plaintiff's state court case was captioned *Andrew Douglas Burnett v. Santa Clara Police Department and Santa Clara Superior* Court, Case No. 210631 and CC196212. Specifically, City Defendants seek judicial notice of three documents: 1) February 2004 Order Prohibiting the Release of Property to Petitioner (including Olympic Arms rifle), which was based on Plaintiff's ineligibility to possess "assault weapons" based on his prior felony convictions and failure to register as the owner of the rifle; 2) February 2009 Order of Judge Andrea Bryan Denying Any Motion to Stay Destruction of Rifle; and 3) the Sixth Appellate District's August 2009 Dismissal of Andrew Burnett's April 1, 2009 Appeal. *See* City Defs.' Req. for Jud. Notice [dkt. #25]. Plaintiff has not opposed the request for judicial notice. Pursuant to Federal Rule of Evidence 201(b), the Court takes judicial notice of these state court orders and proceedings. *See Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006) (allowing for judicial notice in federal court of state court orders and proceedings).

The Court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted as to any Defendant. As to the County Defendants (Benson and Peterson), the only mention of Benson comes after Plaintiff alleges that in 2004 his "rifle release was denied."

2

Plaintiff continues: "Troy Benson was the attorney involved in the court hearing." *See* Compl. at 3. Mr. Peterson allegedly determined that Plaintiff's Olympic Arms rifle was an "assault weapon." *See* Compl. at 4. There are no allegations of how either Mr. Benson, whom Defendants identify as a Deputy District Attorney, or Mr. Peterson, whom Defendants identify as a crime laboratory employee, injured Plaintiff in any way. In addition, prosecutors enjoy absolute immunity as long as they are acting within the scope of their criminal prosecutorial duties. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). If Plaintiff's allegations are accurate (i.e., if Mr. Benson was "the attorney involved in the court hearing"), Mr. Benson would have absolute immunity from any liability for appearing on behalf of the State.

Plaintiff's allegations fare no better as to the City Defendants. In 2000, Defendant Zaragoza allegedly "threatened Burnett's family members in Contra Costa County with search warrants to acquire the rifle." *See* Compl. at 3. But obtaining a search warrant before a search is a constitutional command enshrined in the Fourth Amendment, not a constitutional violation. As to the other City Defendants, Plaintiff alleges that they refused to return his rifle and "conspired" to deny him his constitutional rights. These conclusory allegations are unsupported by factual allegations as to what *any* Defendant actually did to violate Plaintiff's constitutional rights, and are thus insufficient to state a claim. *See Ashcroft v. Iqbal*, 129 S Ct. 1937, 1949 (a complaint is not sufficient if it only "tenders 'naked assertions' devoid of 'further factual enhancement.'").[1]

Moreover, to the extent Plaintiff seeks to challenge the decision in the state courts ordering destruction of the rifle, Plaintiff's remedy is to appeal that decision, not file an action in federal court challenging the state courts' actions. Under the *Rooker-Feldman* doctrine, federal courts do not have subject matter jurisdiction to review judgments or final determinations of state courts, even if the state court decision might involve federal constitutional issues. *See Ignacio v. Judges of the United States Court of Appeals for the Ninth Circuit*, 453 F.3d 1160, 1165 (9th Cir. 2006)

---

[1] Defendants also raise statute of limitations arguments on the grounds that Plaintiff's rifle was given to the City in 2001. Although Plaintiff's claims may be time-barred, it is not necessary to reach the statute of limitations issue because Plaintiff's complaint fails to state a claim upon which relief may be granted. *See Gray v. First Winthrop Corp.*, 82 F.3d 877, 881 (9th Cir. 1996).

Accordingly, Defendants' motions to dismiss are GRANTED. Although it does not appear to the Court that Plaintiff could allege any set of facts in connection with the destruction of his rifle that would give rise to a valid federal claim, it is this Court's practice to grant leave to amend to allow a plaintiff, especially a *pro se* plaintiff, at least one opportunity to remedy deficiencies in the complaint. Therefore, Plaintiff is granted leave to file an amended complaint, if any, within thirty (30) calendar days of this Order. Plaintiff must allege, with specificity, what actions by Defendants caused him unlawful harm. Simply citing to advocacy positions by attorneys or adverse decisions in state court is insufficient. *See Ignacio*, 453 F.3d at 1165 (dismissing plaintiff's federal court complaint as "a long list of rambling grievances regarding determinations made by the California superior court."). Failure to file a timely amended complaint shall result in dismissal of Plaintiff's complaint with prejudice.

**IT IS SO ORDERED.**

Dated: October 27, 2010

_____
LUCY H. KOH
United States District Judge