UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDREW BURNETT,                                )<br>                                                              )<br>                         Plaintiff,              )<br>            v.                                        )<br>                                                              )<br>CITY OF SANTA CLARA, STEPHEN D.  )<br>LODGE (CHIEF OF SANTA CLARA POLICE )<br>DEPARTMENT), JULIE FREITAS, T. CLARK,)<br>PAUL KOFMAN, EDWARD PETERSON,     )<br>TROY BENSON, PHILAMON ZARAGOZA, )<br>DOES 1-5, ET AL.,                              )<br>                                                              )<br>                         Defendants.          ) | Case No.: 10-CV-01903-LHK<br><br>ORDER GRANTING DEFENDANTS'<br>MOTIONS TO DISMISS WITH<br>PREJUDICE AND DISMISSING CASE<br><br>(re: docket #66 and #68) |

Defendants City of Santa Clara, Chief of Police Stephen D. Lodge, Officer Julie Freitas, Officer Paul Kofman, and Officer Philamon Zaragoza (collectively "City Defendants") and Defendants Troy Benson and Edward Peterson (collectively "County Defendants") have each moved to dismiss the First Amended Complaint (FAC) on various grounds including failure to state a claim, lack of subject matter jurisdiction, statute of limitations, and immunity. Plaintiff Andrew Burnett, appearing *pro se*, did not oppose the motions to dismiss. The Court deems these motions appropriate for resolution without oral argument. *See* Civ. L.R. 7-1(b). Good cause appearing, Defendants' motions to dismiss are granted with prejudice. The March 17, 2011 motion hearing is vacated.

1

Case No.: 10-CV-01903-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH PREJUDICE

# I. BACKGROUND

## A. Plaintiff's Allegations

This Court previously granted Defendants' motions to dismiss for failure to state a claim with respect to Plaintiff's nearly identical original Complaint. *See* October 27, 2010 Order [dkt. #64]. The Court, out of respect for his *pro se* status, granted Plaintiff leave to amend. Specifically, the Court stated: "Although it does not appear to the Court that Plaintiff could allege any set of facts in connection with the destruction of his rifle that would give rise to a valid federal claim, it is this Court's practice to grant leave to amend to allow a plaintiff, especially a *pro se* plaintiff, at least one opportunity to remedy deficiencies in the complaint." *See id*. at 4. The Court notified Plaintiff, however, that, in any amended complaint, he "must allege, with specificity, what actions by Defendants caused him unlawful harm." *Id*. The Court recognizes that it has "a duty to construe pro se pleadings liberally, including pro se motions as well as complaints." *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). Even liberally construed, Plaintiff's FAC includes no additional factual allegations or valid legal claims and, instead, repeats almost verbatim the allegations and claims in his original Complaint.

In the FAC, Plaintiff continues to allege an "unlawful seizure" and court-ordered destruction of his high value Olympic Arms rifle. *See* FAC at 2-3 (detailing the various parts of the rifle and alleging that Defendants conspired "to deny Burnett's rights to property."). Plaintiff alleges that, while he was under investigation for a criminal offense, Plaintiff's uncle gave the Santa Clara Police Department Plaintiff's Olympic Arms rifle and Mossberg shotgun depriving Plaintiff of his property. *Id*. at 3. Plaintiff then describes his unsuccessful efforts to have the Olympic Arms rifle returned or transferred. In the FAC, unlike the original Complaint, Plaintiff does not acknowledge his June 2001 felony conviction. Plaintiff further alleges that his effort to have the rifle returned "was hijacked [by various persons named as Defendants in this action] and the court ordered its destruction instead." *Id*. Plaintiff appealed this decision to the California Court of Appeals, Sixth District, but this appeal was denied. *Id*. at 4. In the FAC, as in the original Complaint, Plaintiff alleges that the state-court ordered destruction of his Olympic Arms rifle is an "unconstitutional violation of Burnett's rights under the Second, Fourth, and Fourteenth

Amendments to the United States Constitution. The Second Amendment guarantees Burnett the right of the people to keep and bear Arms and shall not be infringed." *Id*. at 5-6.

### B. Request for Judicial Notice

City Defendants have requested judicial notice of documents connected to Plaintiff's efforts in state court to have the Olympic Arms rifle returned or transferred. Plaintiff's state court case was captioned *Andrew Douglas Burnett v. Santa Clara Police Department and Santa Clara Superior* Court, Case No. 210631 and CC196212. Specifically, City Defendants seek judicial notice of three documents: 1) February 2004 Order Prohibiting the Release of Property to Petitioner (including Olympic Arms rifle), which was based on Plaintiff's ineligibility to possess "assault weapons" based on his prior felony convictions and failure to register as the owner of the rifle; 2) February 2009 Order of Judge Andrea Bryan Denying Any Motion to Stay Destruction of Rifle; and 3) the Sixth Appellate District's August 2009 Dismissal of Andrew Burnett's April 1, 2009 Appeal. *See* City Defs.' RJN [dkt. #70]. Plaintiff has not opposed the request for judicial notice. Pursuant to Federal Rule of Evidence 201(b), the Court takes judicial notice of these state court orders and proceedings. *See Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006) (allowing for judicial notice in federal court of state court orders and proceedings).

Although brief, these documents help explain what happened in the state court proceedings. The February 2004 Order Prohibiting Release of Property to Petitioner [Plaintiff here] notes that the Olympic Arms rifle is an "assault weapon" pursuant to California statute, specifies that Plaintiff was not the registered owner of the rifle, and states that, as a result of his felony convictions, Plaintiff is "ineligible to possess firearms." *See* Exh. A to City Defs.' RJN. In February 2009, Plaintiff sought transfer of the rifle. Plaintiff's request was denied, as the Santa Clara County Superior Court ordered the rifle's destruction instead. *See* Exh. B to City Defs.' RJN. Plaintiff appealed this decision to the California Court of Appeals, Sixth District. However, the Sixth District dismissed the appeal because Plaintiff did not pay the statutory filing fee in compliance with the California Rules of Court. *See* Exh. C to City Defs.' RJN.

Plaintiff filed the instant action on May 3, 2010, and, in response to the Court's October 27, 2010 Order dismissing his claims with leave to amend, filed the FAC on November 29, 2010.

## II. DISCUSSION

The Court finds that Plaintiff's FAC fails to state a claim upon which relief may be granted as to any Defendant.[1] As to the County Defendants (Benson and Peterson), the only mention of Benson comes after Plaintiff alleges that in 2004 his "rifle release was denied." Plaintiff continues: "Troy Benson was the attorney involved in the court hearing" and "lied under oath to the court." *See* FAC at 3. Plaintiff alleges that Mr. Peterson was one of the persons who determined that Plaintiff's Olympic Arms rifle was an "assault weapon." *Id.* at 4. There are still no specific factual allegations of how either Mr. Benson, whom Defendants identify as a Deputy District Attorney, or Mr. Peterson, whom Defendants identify as a crime laboratory employee, injured Plaintiff in any way. Plaintiff does state that "the parties [individual Defendants are not specified] involved were acting outside the scope of their official duties and should not be entitled to any immunity." *Id*. at 4. Plaintiff, however, provides no factual allegations as to how any of the Defendants acted outside the scope of his or her official duties. As the Court noted in its October 27, 2010 Order, prosecutors enjoy absolute immunity as long as they are acting within the scope of their criminal prosecutorial duties. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). Thus, Mr. Benson would have absolute immunity from any liability for appearing on behalf of the State.

Plaintiff's FAC fares no better as to the City Defendants. In the original Complaint, Plaintiff alleged that Defendant Zaragoza allegedly "threatened Burnett's family members in Contra Costa County with search warrants to acquire the rifle." *See* Compl. at 3. The Court found that this allegation did not amount to the denial of Plaintiff's constitutional rights. *See* October 27, 2010 Order at 3. Now, in the FAC, Plaintiff alleges that Zaragoza "threatened Burnett's family members with *warrantless searches* and illegal police detention to acquire the rifle." *See* FAC at 2 (emphasis added). Under Circuit-precedent, however, a plaintiff may not cure deficiencies in a pleading merely by alleging completely inconsistent facts in a later pleading. *See Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). As to the other City Defendants, Plaintiff still only alleges that they refused to return his rifle and "conspired" to deny him his constitutional

---

[1] In the FAC, unlike the original Complaint, Plaintiff does allege that various persons "violated" 18 U.S.C. §§ 241-242. *See , e.g.*, FAC at 2-3. However, these *criminal* provisions provide no basis for civil liability. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

4

Case No.: 10-CV-01903-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH PREJUDICE

rights. These conclusory allegations are unsupported by factual allegations as to what *any* Defendant actually did to violate Plaintiff's constitutional rights, and are thus insufficient to state a claim. *See Ashcroft v. Iqbal*, 129 S Ct. 1937, 1949 (a complaint is not sufficient if it only "tenders 'naked assertions' devoid of 'further factual enhancement.'").[2]

Finally, this court is not the appropriate venue for Plaintiff to challenge the decision in the state courts ordering destruction of the rifle based on Plaintiff's prior felony conviction and failure to register. *See Ignacio v. Judges of the United States Court of Appeals for the Ninth Circuit*, 453 F.3d 1160, 1165 (9th Cir. 2006) (dismissing plaintiff's federal court complaint as "a long list of rambling grievances regarding determinations made by the California superior court."). As stated in the Court's October 27, 2010 Order, under the *Rooker-Feldman* doctrine, federal courts do not have subject matter jurisdiction to review judgments or final determinations of state courts, even if the state court decision might involve federal constitutional issues. *See id.*

### III. CONCLUSION

Accordingly, Defendants' motions to dismiss are GRANTED. In these circumstances, where it does not appear to the Court that Plaintiff could allege any set of facts in connection with the destruction of his rifle that would give rise to a valid federal claim and where Plaintiff has already had an opportunity to amend his complaint, further leave to amend is futile. *See Telesaurus*, 623 F.3d at 1003 ("A district court may deny a plaintiff leave to amend if it determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,' or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies."). Accordingly, Plaintiff's FAC is DISMISSED WITH PREJUDICE. The Clerk shall close the file. The March 17, 2011 hearing is vacated.

**IT IS SO ORDERED.**

Dated: March 14, 2011

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

---

[2] Defendants again raise statute of limitations arguments on the grounds that Plaintiff's rifle was given to the City in 2001. Although Plaintiff's claims do appear time-barred, it is not necessary to reach the statute of limitations issue because Plaintiff's FAC fails to state a claim upon which relief may be granted. *See Gray v. First Winthrop Corp.*, 82 F.3d 877, 881 (9th Cir. 1996).

5
Case No.: 10-CV-01903-LHK
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH PREJUDICE